09-1659-ag
Chen v. Holder

BIA
A078 973 298

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand ten.

PRESENT:
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        REENA RAGGI,
                *Circuit Judges.*
_____

JIAN BIN CHEN,

        *Petitioner,*

        v.                                      09-1659-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*
_____

FOR PETITIONER:        Gary J. Yerman,
                       New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony P. Nicastro, Senior

**Litigation Counsel; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Bin Chen, a native and citizen of the People's Republic of China, seeks review of an April 1, 2009, order of the BIA, affirming the October 23, 2007, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum and withholding of removal. *In re Jian-Bin Chen*, No. A078 973 298 (B.I.A. Apr. 1, 2009), *aff'g* No. A078 973 298 (Immig. Ct. N.Y. City Oct. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494

F.3d 281, 289 (2d Cir. 2007).

Substantial evidence supports the agency's denial of Chen's application for relief. Because the BIA assumed Chen to be credible for purposes of its analysis, we will do the same. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). We therefore do not reach Chen's challenge to the IJ's adverse credibility determination. Similarly, because the BIA did not adopt the IJ's finding that any harm Chen might face in a future detention would not constitute persecution, we need not reach Chen's argument that such finding was impermissibly speculative. *See Xue Hong Yang*, 426 F.3d at 522.

Chen argues that the BIA failed to consider this Court's holding in *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005), that persecution for illegally selling Falun Gong materials could be equivalent to persecution on account of an imputed political opinion. However, rather than addressing the nexus issue, the BIA found that Chen had not established that he would face persecution on any ground, stating that he "presented no evidence that the government of China has any interest in [him] today." Indeed, the IJ similarly noted that, despite being given the opportunity to

3

do so, Chen did not introduce any evidence that the Chinese government was still interested in arresting him. Accordingly, even if, *arguendo*, the BIA erred by failing to consider *Chun Gao*, remand is unnecessary because, on the strength of the BIA's alternative finding, we can confidently predict that the result would be the same. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk